# N. O. NELSON MFG. CO. v. McDOUGAL et al.

No. 22842.   April 16, 1935.

Potterf, Gray & Poindexter, for plaintiff in error.

Sigler & Jackson, for defendants in error.

PER CURIAM.   This action was commenced in the district court of Carter county by N. O. Nelson Mfg. Company against W. R. McDougal and Federal Surety Company, for the recovery of a balance due plaintiff on the purchase price of certain heating and plumbing equipment and materials furnished by plaintiff and used by defendant McDougal in the completion of a public school building at Berwyn, a small town in Carter county.   Hereinafter, for convenience, plaintiff in error will be referred to as plaintiff, W. R. McDougal as defendant McDougal,

and the Federal Surety Company as defendant surety company, and the contract with the school district will be referred to as the Berwyn job.

The undisputed facts are that in the month of July, 1929, the defendant McDougal entered into a contract with the district board of school district No. 71, at the town of Berwyn, in Carter county, to furnish and install the heating and plumbing equipment and appliances in the new school building then being erected in said district. The defendant surety company executed and furnished the usual statutory bond (St. 1931, sec. 10983) covering said contract, by the terms of which it guaranteed payment for all laborers, subcontractors, teamsters, teams, and wagons, and for all materials used in the fulfillment of said contract.

Defendant McDougal purchased from plaintiff and used in the Berwyn job $3,096.25 worth of plumbing and heating equipment and material, such equipment, etc., being shipped from plaintiff's place of business in Dallas, Tex., from time to time as ordered by the defendant McDougal, the first of such shipments being made on July 29, 1929, at which time the defendant McDougal was indebted to and owed plaintiff an account of $1,032.69 for merchandise previously sold to defendant McDougal and in no way connected with the Berwyn job. The Berwyn job account was not carried on the books of plaintiff in a separate account, but rather as a continuation of the old account, but the items of the Berwyn job account were so designated on the books that they could be identified and distinguished from the old account.

On September 16, 1929, defendant McDougal commenced to make payments to plaintiff from moneys derived from the Berwyn job, and continued such payments from time to time over a period of some three or four months, the aggregate of such payments being at least equal to the entire Berwyn job account.   These payments were made by defendant McDougal by means of his personal check.   Neither defendant McDougal nor defendant surety company designated how such payments were to be applied on the accounts due plaintiff from defendant McDougal, and as the payments came in and were received by plaintiff they were credited on the old account until it was fully paid and the balance was applied on the Berwyn job account, and this action was brought to recover the balance due on the Berwyn job account.

At the trial of the cause in the district court the question of knowledge of the plaintiff as to the source of the money paid plaintiff by defendant McDougal was submitted to the jury, over the objection of plaintiff, by the court on special interrogatory, and the jury found that plaintiff knew that the payments above referred to came from the Berwyn job, although such knowledge was denied by plaintiff. After hearing and finding of facts by the jury, the court rendered judgment for plaintiff against defendant McDougal for the sum of $1,641.63; and for defendant surety company, exonerating it from all liability to plaintiff under its bond covering the Berwyn job, to reverse which judgment, as to the defendant surety company, plaintiff prosecutes this appeal.

In seeking a reversal of the judgment of the trial court, plaintiff sets out twenty-two specifications of error, which are summarized in plaintiff's brief under two separate groups or subdivisions.

Under plaintiff's first subdivision it is contended that the defendant McDougal was bound by the application of the payments as made by plaintiff, the defendant McDougal having failed to direct how such payments should be applied. With this contention we agree, and evidently the trial court also took this view of it and rendered judgment for the plaintiff accordingly, which has become final.

Under its second subdivision, plaintiff contends that the defendant surety company was bound by the application of the payments as made by plaintiff, regardless of whether plaintiff had knowledge of the source of such payments, and that the defendant surety company had no lien, equitable or otherwise, upon the funds derived from the Berwyn job. With this contention we must also agree.

The defendant surety company urges, with no small degree of logic and weighty authority, that it had an equitable lien upon the funds derived from contract covered by its bond, and that by reason of the fact that the plaintiff actually received more than enough money from the Berwyn job to cover the merchandise and material furnished by plaintiff for the schoolhouse job, the terms and conditions of its bond had been fully complied with and that the defendant surety company was and is' therefore absolved from further liability.

The decisions on this question are by no means harmonious, but all the questions presented by this appeal have been decided by this court adversely to the contentions of defendant surety company in Metropolitan Casualty Ins. Co. of New York v. United Brick & Tile Co., 167 Okla. 402, 29 P. (2d) 771, decided January 16, 1934, after this appeal was filed. That case carries an exhaustive analysis of the questions presented by the case at bar, and the reasoning and rules laid down in' that case are hereby adopted as applicable herein.

The judgment of the district court of Carter county should be, and is hereby, reversed and remanded, with directions to enter judgment for plaintiff against Federal Surety Company for the amount of judgment rendered against W. R. McDougal in the trial court.

The Supreme Court acknowledges the aid of Attorneys I. E. Hill, O. S. Shaw, and Hiram Butler in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hill and approved by Mr. Shaw and Mr. Butler, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.